Tim J. Helfrich, OSB 761678
thelfrich@yturrirose.com
YTURRI ROSE, LLP
PO Box 'S'
Ontario OR  97914
Telephone: (541) 889-5368
Facsimile: (541) 889-2432
  Of Attorneys for Plaintiff


UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION


| | |
|---|---|
| **CARROLL PALMER**, | Case No.: 2:19-cv-297 |
| **Plaintiff,** | |
| | COMPLAINT |
| -VS- | |
| | Personal Injury Action (28 U.S.C.§1332(a)(1)) |
| **JEREMY RIFFE, an individual, and NAVAJO EXPRESS, INC., a Colorado Corporation,** | DEMAND FOR JURY TRIAL |
| **Defendants.** | |


Plaintiff alleges as follows:

1.

At all material times Plaintiff has been and is a resident and a citizen of the state of Oregon.

2.

At all material times Defendant Jeremy Riffe ("Defendant Riffe") has been and is a resident and a citizen of the state of Colorado.


Page 1 – COMPLAINT

3.

Defendant Navajo Express, Inc., ("Defendant Navajo") is a Colorado corporation with its principal place of business in Denver, Colorado.   Defendant is a federally authorized motor carrier operating in interstate commerce including the state of Oregon.

4.

This Court has jurisdiction over the subject matter of this action pursuant to 28 USC §1332(a)(1).   The parties to this action are citizens of different states and the amount in controversy exceeds the sum of $75,000.

5.

At all material times, Defendant Riffe was an employee of Defendant Navajo and acted in the course and scope of his employment and pursuant to Defendant Navajo's federal operating authority.

6.

Highway 20 is a public highway open for general motor vehicle use, extending in a generally east-west direction in the State of Oregon.   In Malheur County, Highway 20 generally has two (2) adjacent lanes, separated by a yellow centerline.   It is an "open range" area as indicated by signage along the roadway, and the speed limits for trucks is clearly marked as 60 miles per hour.

///

///

7.

On or about April 1, 2017, Plaintiff was driving an all-terrain vehicle ("ATV") along the westbound lane of Highway 20. Plaintiff's companion, Cathie Howell, was driving a second ATV directly behind Plaintiff. Defendant Riffe was driving a 2014 Kenworth semi-tractor trailer for Defendant Navajo westbound on Highway 20 behind Plaintiff. Plaintiff was traveling a safe rate of speed and slowing to turn left, while Defendant came upon the Plaintiff with his cruise control set in excess of the speed limit, and operating at a speed in excess of the posted speed limit.

8.

Plaintiff and Howell both stuck their left arms out to the left to signal their intent to turn left across the highway. Defendant Riffe came over a hill some distance behind Plaintiff. As Plaintiff began to turn left, Defendant Riffe directed his speeding truck into the left lane, where he struck the left front corner of Plaintiff's turning ATV. Within seconds before the impact, Defendant Riffe was still traveling at speeds in excess of the posted limit and with cruise control on.

9.

The collision was severe, causing Plaintiff to be thrown off of his ATV. Defendant Riffe then lost control of the semi-tractor trailer, it rolled onto the driver's side, and slid, coming to a stop several hundred feet down the highway, blocking both lanes of traffic.

10.

As a result of the collision, Plaintiff suffered nine broken ribs, left lung collapse, left scapular fracture, left clavicle fracture, subarachnoid hemorrhage, traumatic brain injury, multiple fractures to the thoracic spine, left brachial plexus injury, and respiratory failure. Plaintiff has permanent injury including impaired mobility and functional activities, traumatic brain injury, multicompartmental intracerebral hemorrhage, and impaired cognition.

## First Claim for Relief
### (Negligence)

11.

Plaintiff incorporates paragraphs 1 through 10 as if fully set out herein.

12.

At the time of the collision, Defendant Riffe was negligent in one or more of the following particulars:

(a)  In passing Plaintiff in an unsafe manner in violation of ORS 811.410;

(b)  In failing to maintain a proper lookout;

(c)  In driving carelessly in violation of ORS 811.135;

(d)  In driving at speeds excessive under the circumstances and exceeding the speed limit in violation of ORS 811.100;

///

///

Page 4 – COMPLAINT                                    (213012.0/cr/d3/28Feb19)

13.

As a direct and foreseeable result of Defendant's negligence, Plaintiff has incurred approximately $570,631.71 in medical expenses to date. He is still treating his injuries and will incur future medical expenses to be determined at trial.

14.

As a direct and foreseeable result of Defendant's negligence, Plaintiff incurred loss of income in the amount of $110,000, and loss of future earning capacity to be determined at trial but estimated to be $525,000.

15.

As a direct and foreseeable result of Defendant's negligence, Plaintiff now requires in-home attendant care of a value estimated to be $139,780 over the remaining years of his life.

16.

As a direct and foreseeable result of Defendant's negligence, Plaintiff has suffered pain, interference with his regular activities, emotional distress, significant cognitive impairment, and loss of enjoyment of life. Plaintiff's noneconomic damages are to be determined at trial by the jury but are alleged to be $1,100,000.

///

///

///

///

## SECOND CLAIM FOR RELIEF
### (Employer Liability)

17.

Plaintiff incorporates paragraphs 1 through 16 as if fully set out herein.

18.

At the time of the collision described above, Defendant Riffe was acting under the direction and control of Defendant Navajo and within the scope of his employment.

19.

As Defendant Riffe's employer, Defendant Navajo is vicariously liable for Defendant Riffe's negligent acts.

20.

Plaintiff demands a jury trial pursuant to FRCP 38.

WHEREFORE Plaintiff prays for relief against Defendants as follows:

(a)  For Plaintiff's past medical expenses in the amount of $570,631.71;

(b)  For Plaintiff's future medical expenses in an amount to be determined at trial;

(c)  For other economic damages in the amount of $769,780.00;

(d)  For non-economic damages in the amount of $1,100,000;

(e)  For Plaintiff's costs and disbursements incurred in the prosecution of this matter; and,

    (f)  For such other and further relief as the Court deems just and equitable.

    Dated this 28th day of February, 2019.

                       YTURRI ROSE LLP

                       Tim Helfrich, OSB #761678
                       PO Box S
                       Ontario OR 97914
                       Telephone: (541) 889-5368
                       Fax: (541) 889-2432
                       thelfrich@yturrirose.com
                       Of Attorneys for Plaintiff